UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HALEY DARIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTHERN DISTRICT OF<br>CALIFORNIA,<br><br>　　　　Defendant. | Case No.  26-mc-80043-RFL<br><br>**NOTICE OF SUA SPONTE<br>INTENTION TO DISMISS CASE**<br><br>Re: Dkt. No. 1 |

Vexatious plaintiff Haley Daria filed this case requesting, *inter alia*, that her name be removed from "any vexatious-litigant or pre-filing list enforced within the Northern District of California" and that the Court "[d]eclare that no such restriction may be enforced absent a noticed evidentiary hearing supported by admissible evidence." (Dkt. No. 1 at 17.)[1] Daria has litigated at least seven cases against Sapient Inc. in connection with the same alleged conduct, which ultimately resulted in a pre-filing order that instructed the Clerk of the Court to not automatically accept any further filings from Daria that seek to relitigate, arise from, or relate to issues she has previously raised in her prior lawsuits. (*See Daria v. Sapient Corp*, No. 21-cv-02712-RFL, Dkt. No. 78.)

This case appears to be barred by the Court's pre-filing order, as it arises from the events of World Wide Web Associates' acquisition and merger and the litigation associated with that acquisition and merger (Dkt. No. 1 at 4–14) and seeks to relitigate issues she previously raised in her other lawsuits (*e.g.*, *compare id*. at 9–10 (discussing evidentiary issues concerning Exhibit

---

[1] All references to page numbers for filings on the docket refer to ECF pagination.

1

G), *with Daria v. Sapient, Inc.*, No. 17-cv-05453-RFL, Dkt. No. 143 at 2–4, 9–14 (same)).  Even if the present case is not barred by the pre-filing order, Daria's challenge appears to be meritless. The Court's decision declaring her a vexatious litigant and adopting the pre-filing order was procedurally and substantively proper.  (*See Daria*, No. 21-cv-02712-RFL, Dkt. No. 78.)  Nor is this separate lawsuit the proper mechanism to challenge the pre-filing order, in any event.  *See Giannini v. Dist. Ct. for Dist. of N. Cal.*, No. 12-cv-04289-DWM, 2013 WL 503081, at *3 (N.D. Cal. Feb. 8, 2013).  And to the extent that Daria seeks to challenge the state court's vexatious litigant designation and pre-filing order, her challenge would be barred by the *Rooker-Feldman* doctrine.  *See Bashkin v. Hickman*, 411 Fed. App'x 998, 999 (9th Cir. 2011).

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361–62 (citation omitted) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)).  The Court may also dismiss a complaint *sua sponte* for failure to comply with Rule 8, which requires that a complaint include a "short and plain statement of the claim" and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

The Court therefore **GIVES NOTICE** to Daria of its intention to dismiss her complaint *sua sponte* under Rules 8 and 12(b)(6) without leave to amend because "possible and meaningful alternatives" have and will have been explored.  *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir.1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice pursuant to rule 41(b). . . . The exercise of [the Court's] discretion to dismiss [without leave to amend] requires only that possible and meaningful alternatives be reasonably explored.").  Daria may file a written memorandum in opposition to dismissal, not to exceed **15**

2

**pages**, by **July 10, 2026**.  The Court will consider any written opposition made by Daria in making a final determination whether her complaint must be dismissed.

      **IT IS SO ORDERED.**

Dated: June 26, 2026

RITA F. LIN
United States District Judge