UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEY DARIA,<br>Plaintiff,<br>v.<br>NORTHERN DISTRICT OF CALIFORNIA,<br>Defendant. | Case No. 26-mc-80043-RFL<br>**ORDER DISMISSING COMPLAINT SUA SPONTE**<br>Re: Dkt. No. 1 |

On June 26, 2026, the Court gave vexatious plaintiff Haley Daria notice of its *sua sponte* intention to dismiss this case, which seeks removal of her name from "any vexatious-litigant or pre-filing list enforced within the Northern District of California" and a declaration by the Court "that no such restriction may be enforced absent a noticed evidentiary hearing supported by admissible evidence." (Dkt. No. 1 at 17.)[1] The Court gave Daria until July 10, 2026, to file a written memorandum in opposition to dismissal (Dkt. No. 8 at 2–3), and Daria filed her opposition on June 30, 2026 (Dkt. Nos. 9–10). Having considered Daria's opposition, the Court **DISMISSES** Daria's complaint with prejudice.[2]

For the reasons described in the Court's prior notice, Daria's complaint fails to satisfy Rules 8 and 12(b)(6). This separate lawsuit is not the proper mechanism for challenging the

[1] All references to page numbers for filings on the docket refer to ECF pagination.

[2] Daria's requests that the Court take judicial notice of the "Brief for Law Scholars as *Amici Curiae* in Support of Petitioner" in *Mendenhall v. City & County of Denver*, No. 25-1205, and various other legal provisions, are granted. (Dkt. Nos. 11, 13, 14.) Daria's request that the Court delay ruling on this matter until July 10, 2026, is denied as moot, as that date has now passed. (Dkt. No. 12.)

Court's pre-filing order. *See Giannini v. Dist. Ct. for Dist. of N. Cal.*, No. 12-cv-04289-DWM, 2013 WL 503081, at *3 (N.D. Cal. Feb. 8, 2013). If Daria had wanted to challenge the imposition of the pre-filing order, she would have needed to "either appeal the order in the first instance or seek an extraordinary writ from the Court of Appeals." *Id*. However, the Ninth Circuit rejected Daria's attempt to directly appeal the Court's vexatious litigant designation and pre-filing order because she had failed to raise that challenge in an earlier appeal. (*See Daria v. Sapient Corp*, No. 21-cv-02712-RFL, Dkt. No. 101 (Ninth Circuit memorandum).) Even if this lawsuit were the proper vehicle to challenge the vexatious litigant designation and pre-filing order, Daria has offered no argument that persuades the Court that the order was incorrect.

This case is barred by the pre-filing order. (*See Daria*, No. 21-cv-02712-RFL, Dkt. No. 78.) It both arises from events of World Wide Web Associates' acquisition and merger and the litigation associated with that acquisition and merger, and seeks to relitigate issues Daria previously raised in her other lawsuits including, *inter alia*, the legitimacy of Exhibit G. Under the pre-filing order, this case should not have been filed at all. (*See Daria*, No. 21-cv-02712-RFL, Dkt. No. 105 (rejecting filing on similar grounds).) Amendment is futile because this lawsuit is an improper vehicle for Daria to bring her challenge to the pre-filing order. Therefore, Daria's complaint is dismissed with prejudice, without leave to amend. The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Dated: July 15, 2026

RITA F. LIN
United States District Judge